# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 18, 2009

136988 (57)

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

_____

In re SKYLER LEROY MCBRIDE, ALEXANDER
GARAND MCBRIDE, and SAWYER DALE
MCBRIDE, Minors.

_____

DEPARTMENT OF HUMAN SERVICES,
　　　　　Petitioner-Appellee,

v

RONALD D. MCBRIDE, JR.,
　　　　　Respondent-Appellant,
and

SUSAN MCBRIDE,
　　　　　Respondent.

_____/

SC: 136988
COA: 282062
Bay CC Family Division:
　06-009381-NA

　　　　On order of the Court, the motion for reconsideration of this Court's June 23, 2009 order is considered, and it is DENIED, because it does not appear that the order was entered erroneously.

　　　　CORRIGAN, J. (*dissenting*).

　　　　I would grant the respondent father's motion for rehearing and grant leave to appeal for the reasons I expressed in my dissent to the order denying his original application for leave to appeal. *In re McBride,* 483 Mich 1095 (2009). Respondent and the Attorney General argued that respondent's parental rights were wrongly terminated because the trial court deprived him of his rights to counsel and to participate in this case from the outset while he was in prison. Further, these errors arguably were not harmless because, had counsel been appointed, counsel may have established a guardianship with respondent's sister, who requested custody from the court; such a guardianship could have averted the termination of respondent's parental rights and permitted him to continue his relationships with his three adolescent sons. Most significantly, in the words

of respondent's pro per motion for rehearing, the conclusion of the Court of Appeals that the complete denial of his right to counsel was harmless gives trial courts a "green light to violate parents['] rights whenever they feel the need" because judges "will know that the courts will deny relief for those who appeal in the future." A parent's right to counsel during termination proceedings has thus been reduced to a right to counsel when an appellate court, in hindsight and without the benefit of any developed record in favor of the unrepresented parent, thinks that counsel might have made a difference.

KELLY, C.J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 18, 2009

_____
Clerk

0915